## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WENFORD FLETCHER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:05-CV-2138-B** |
| | ) | **ECF** |
| **DALLAS POLICE DEPARTMENT, et al.,** | ) | |
| **Defendants.** | ) | |

### FINDINGS AND RECOMMENDATION

The District Court referred "Defendants Schwend and Foster's Opposed Motion for Discovery Protective Order," filed February 24, 2006, to the United States Magistrate Judge. Defendants have asserted the defense of qualified immunity.  They seek a protective order relieving them of their obligations for initial disclosures under FED. R. CIV. P. 26(a)(1) and the District Court's provisions for initial disclosures in its scheduling order, pending a determination of their entitlement to qualified immunity.  On February 17, 2006, Defendants sent a copy of their motion to Plaintiff requesting that he advise them whether or not he opposes the motion. Plaintiff did not respond.

### Analysis

Generally, a plaintiff may not obtain discovery against a party asserting qualified immunity until the Court first finds that the pleadings assert facts sufficient to overcome the qualified immunity defense.  *See, e.g., Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). "[A] party asserting the defense of qualified immunity is not immune from all discovery, only that which is 'avoidable or overly broad.'"  *Wicks*, 41 F.3d at 994 (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)).  "[W]hen the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery

order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' an order allowing such limited discovery is neither avoidable nor overly broad." *Id*.

## Findings

In this case, Defendants seek only an order that they are not required to provide the broad initial disclosures required by Rule 26(a)(1) and the District Court's scheduling order. Defendants have not raised the issue of whether the pleadings assert facts sufficient to overcome the qualified immunity defense.  Therefore, the Court need not decide whether discovery which is "narrowly tailored to uncover only those facts needed to rule on the immunity claim" should be permitted.  Nevertheless, the Court finds that Defendants' qualified immunity defense entitles them to protection from discovery at this early stage of the proceedings.

## RECOMMENDATION

This Court recommends that the District Court grant "Defendants Schwend and Foster's Opposed Motion for Discovery Protective Order," filed February 24, 2006, pending further consideration of the issue of qualified immunity.

.      Signed, March 3, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these findings and recommendation within such ten day period may bar a *de novo* determination by the district judge of any finding and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to findings and recommendation accepted by the District Court.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE