**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **WENFORD FLETCHER,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil No. 3:05-CV-2138-B** |
| | ) **ECF** |
| **TOM JACOB SCHWEND and DANIEL** | ) |
| **WARREN FOSTER,** | ) |
| **Defendants.** | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court referred Defendants' Motion for

Summary Judgment to the United States Magistrate Judge for Findings, Conclusions, and

Recommendation.

**Background**

Plaintiff Wenford Fletcher ("Plaintiff"), proceeding *pro se*, filed this civil rights action

against Dallas Police Officers Tom Jacob Schwend ("Schwend") and Daniel Warren Foster

("Foster") (collectively "Defendants") on November 1, 2005.  Plaintiff claims that Defendants

subjected him to excessive force both before and after they handcuffed him during his arrest on

May 19, 2005.  Plaintiff also alleges claims of false arrest and false imprisonment.

Defendants filed their motion for summary judgment on April 12, 2006, asserting that

they had probable cause to detain and arrest Plaintiff, that the arrest was lawful, that they did not

use excessive force during the arrest, and that Plaintiff suffered no more than *de minimis* injuries.

Plaintiff did not respond to the summary judgment motion.

**Statement of Undisputed Material Facts**

The following undisputed facts are taken from Schwend's and Fletcher's affidavits in support of summary judgment.  Schwend and Fletcher have been employed as  police officers by the City of Dallas Police Department since March 22, 2000, and April 12, 2002, respectively. When they arrested Plaintiff on May 19, 2005, they were certified police officers in full police uniform.  They were displaying their badges and equipment and were plainly recognizable as police officers.  At approximately 5:45 p.m., they observed plaintiff riding a bicycle in the middle of the street, southbound on Beckley.  He was not wearing a helmet.  Defendants had received information from a reliable informant that a heavy-set black male was selling narcotics from a bicycle.  Plaintiff matched the informant's description, and Defendants detained him.  Plaintiff appeared nervous and was shaking.  At that point, Plaintiff backed away and ran into an alley.

Schwend followed on foot and Foster drove the squad car to block Plaintiff's flight. Defendants observed Plaintiff throwing down clear baggies containing a white substance. Defendants believed -- from their police experience and training-- that the substance was crack cocaine.  Schwend weighed the suspect substance and performed field tests which determined that it was crack cocaine.  Plaintiff was arrested for evading arrest and possession of cocaine.  He was later charged with, and convicted of, possession of cocaine, a controlled substance.

**Statement of Disputed Material Facts**

The parties' sworn statements of the facts begin to differ significantly at the point where Plaintiff was forced to surrender to Defendants.  Defendants swear that when Foster blocked Plaintiff with the squad car, Plaintiff turned around and raised his fists aggressively to officer Schwend.  Defendants contend that Plaintiff disobeyed Schwend's order to Plaintiff to lie down

on the ground and place his hands behind his back, necessitating Schwend's use of a taser gun on

Plaintiff.  Defendants aver that, in any event, they are entitled to judgment because Plaintiff

cannot show that he suffered more than *de minimis* injuries.

Defendants swear that they used no force against the Plaintiff, except the force necessary

to detain and arrest him, contending that they were acting in good faith and within the scope of

their discretionary authority as police officers.  Schwend's and Foster's affidavits in support of

their motion for summary judgment do not address Plaintiff's sworn allegations that Defendants

injured him by using excessive force on him after he was handcuffed.

The following facts, taken most favorably to Plaintiff, are taken from Plaintiff's verified

pleadings.  Plaintiff swears that Foster wrecked the squad car and knowingly struck Plaintiff with

the squad car after Plaintiff stopped to surrender.  Plaintiff also contends that when he stopped to

surrender, he put both hands up in the air in full view with his fingers spread apart to show

Schwend that he had no weapon or any way to hurt Schwend or Foster.  Plaintiff also claims that

after he was in hand cuffs and was leaning forward on the trunk of the squad car, Foster walked

over and pushed Plaintiff's head onto the trunk of the squad car.  Plaintiff alleges that Foster told

him the push was payback for making him wreck the squad car.

Additionally, Plaintiff contends that the paramedic who examined Plaintiff at the scene

told Schwend to take Plaintiff to the hospital to have the taser probes removed.  Plaintiff alleges

that Schwend ignored the paramedic's advice and jerked the taser probes out of Plaintiff's

stomach. Plaintiff claims that Schwend's removal of the taser probes left him with three open

wounds to his stomach that later scarred.  He alleges that although a nurse at the Dallas County

Jail examined him, she did not clean the wounds.  He also contends that he suffered a bruised

3

right leg from being stuck by the squad car, and that his left cheek was swollen because Foster

slammed his face onto the trunk of the squad car after he was handcuffed.  Plaintiff claims that a

videotape taken by a camera mounted on (or in) the squad car will support his version of the facts.

## Standard of Review on Summary Judgment

Summary judgment is appropriate when the pleadings and the evidence show that there is

no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers*

*Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997).  The applicable substantive law

identifies those facts that are material, and only disputes about material facts will preclude the

granting of summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict

for the nonmoving party.  *Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners,*

*Inc.,* 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact

for trial.  *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698,

712 (5th Cir. 1994).  Where the nonmoving party bears the burden of proof on a claim upon

which summary judgment is sought, the moving party may discharge its summary judgment

burden by showing an absence of evidence in support of the nonmoving party's case.  *Celotex*,

477 U.S. at 325.  Once a properly supported motion for summary judgment is presented, the

burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine

issue for trial.  *Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994)(citing *Anderson* , 447 U.S. at

249). Summary judgment will be granted "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The terms of 28 U.S.C. § 1746 govern verification of an unsworn complaint. A plaintiff may declare under penalty of perjury that the factual allegations contained in the pleading are true and correct. *See* 28 U.S.C § 1746. The factual allegations of the verified complaint are endowed with the evidentiary force of an affidavit. *Id.* Plaintiff's answers to the United States Magistrate Judge's questionnaire are likewise endowed with the evidentiary force of an affidavit because they are verified under penalty of perjury. *See* 28 U.S.C. § 1746. When a *pro se* plaintiff properly executes a complaint or other pleadings which call for a declaration in conformity with 28 U.S.C § 1746, the plaintiff's statements are transformed from mere allegations of a pleading into specific facts as if they were in an evidentiary affidavit. *Searcy v. Cooper*, 2002 WL 535058 (N.D. Tex.), (citing *McNeal v. Macht*, 763 F. Supp. 1458, 1461 (E.D. Wis. 1991)) (citing *Murrell v. Bennett*, 615 F.2d 306, 310 & n. 5 (5th Cir. 1980). Therefore, a plaintiff's failure to proffer evidentiary materials directly in opposition to a defendant's motion does not mandate the entry of summary judgment in favor of the defendant. *Id*.

In this case, the Court will exercise its discretion to consider Plaintiff's pleadings as competent summary judgment proof. *See Marshal v. Valdez*, No. 3:02-CV-1668-B (N.D. Tex. Nov. 30, 2004) (Boyle, J.) (declining to adopt in part United States Magistrate Judge's recommendation to deny Defendants' motion for summary judgment) (citing *Bookman v.*

*Shubzda*, 945 F. Supp. 999, 1003 (N.D. Tex. 1996)(Fitzwater, J.); *Skotak v. Tenneco Resins, Inc.*,

935 F. 2d 909, 915 n. 7 (5th Cir. 1992)).   Additionally, the Court takes into consideration the fact

that discovery has, at least in part, been stayed in this case. *See Borroto v. Wilson*, 2002 WL

24260, *2 (N.D. Tex.  Jan.  7, 2002) (noting the Fifth Circuit's reversal and remand of a no-

evidence summary judgment in favor of a defendant where discovery had been stayed).

### Qualified Immunity

Defendants contend they are entitled to summary judgment based upon the defense of

qualified immunity.  Qualified immunity protects public officials in the course of performance of

their discretionary duties unless their conduct violates "clearly established [federal] statutory or

constitutional [law] . . . of which a reasonable person would have known." *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982);  *see also Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987).  The

qualified immunity defense was intended to balance the need to stem abuses of office with the

expense of litigation, the diversion of official energy from pressing public issues, and deterrence

from government service. *Harlow*, 457 U.S. at 818. *See also Scheuer v. Rhodes,* 416 U.S. 232,

247 (1974).  It protects these competing interests while allowing trial courts to resolve

"insubstantial claims" before discovery and trial. *Harlow*, 457 U.S. at 818. *See also Elliott v.*

*Perez,* 751 F.2d 1472, 1478 (5th Cir.1985) (noting *Harlow* recognized officials are entitled to be

free from "overwhelming preliminaries of modern litigation" until the court considers the right to

immunity).

The threshold inquiry for the court in ruling on the issue of qualified immunity is as

follows:"[t]aken in the light most favorable to the party asserting the injury, do the facts alleged

show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201

(2001)(citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).  Then, the Court must determine

whether the official's conduct was objectively reasonable under the circumstances.  *See Siegert*,

500 U.S. at 231.  Excessive force may violate the Constitution if a plaintiff proves: (1) an injury;

(2) which resulted directly and only from the use of force that was clearly excessive to the need;

and the excessiveness of which was (3) objectively unreasonable.  *Span v. Rainey*, 987 F.2d 1110,

1115 (5th Cir. 1993); *see also Heitschmitdt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998).

Objective reasonableness of the officers' conduct must be gauged by the totality of the

circumstances.  *Stroik v. Ponseti*, 35 F.3d 155, 158 (5th Cir. 1994).

      The objective reasonableness of Defendants' conduct in this case hinges on facts that

remain in dispute.  The chain of events after Defendants detained Plaintiff is controverted.

Schwend's claim that he reasonably believed that Plaintiff posed a serious threat of harm that

called for his use of the taser centers almost entirely upon his claim that Plaintiff "raised his fists

aggressively toward him."  Taking Plaintiff's verified pleadings and viewing them in the light

most favorable to the non-moving party (Plaintiff), the Court finds they raise a fact question as to

whether Plaintiff raised his hands with his fingers spread apart in a gesture of surrender or raised

them in a threatening manner.  Thus, a factual dispute over the material issue of the objective

reasonableness of Schwend's actions exists, which, until resolved, leaves the issue of qualified

immunity for later resolution.

      Moreover, even if the Court were to accept as true Defendants' affidavits and disregard

Plaintiff's verified pleadings because Plaintiff failed to respond to the summary judgment motion,

Defendants have not pointed to an absence of evidence to support Plaintiff's claims that

Defendants used excessive force after he was handcuffed.  Based upon this omission, Defendants

are not entitled to summary judgment on Plaintiff's excessive force claims.

Defendants argue that Plaintiff suffered only *de minimis* injuries.  A prisoner's civil rights action requires an injury that is more than *de minimis,* but need not be significant.  *See e.g., Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  According to Plaintiff's verified pleadings, he sustained open taser wounds that left scars.  Defendants do not dispute that Plaintiff was examined by a paramedic and a nurse.  In addition to the taser wounds, Plaintiff also alleges that he suffered an injured leg when Foster hit him with the squad car.  He claims that the nurse advised him to rest his leg.  Additionally, he claims he suffered a swollen face for which the nurse prescribed aspirin. Thus, Defendants' claim that Plaintiff's injuries are *de minimis* is controverted.

Due to discrepancies between the parties' versions of events, the Court finds there are genuine issues of material fact regarding the need for an application of force, the relationship between the need for and amount of force used and the threat Defendants perceived.  Additionally, Defendants have not addressed Plaintiff's claims that Defendants used excessive force on him after they handcuffed him. Defendants' Motion for Summary Judgment on Plaintiff's excessive force claims should be denied at this stage of the proceedings.  This is not a recommendation that Defendants will not be entitled to qualified immunity as a matter of law in this case.  Rather, due to disputed issues of material fact in the record and other disputed facts that Defendants did not address, Defendants have not shown at this stage of the proceeding that they are entitled to immunity from suit.  The District Court should permit discovery narrowly tailored to the issue of qualified immunity.[1]

---

[1] At the very least, Plaintiff should be permitted to discover the videotape of the arrest taken by a camera on the squad car, if any, and should be permitted to obtain copies of relevant medical records.

**Other Claims**

Defendants seek summary judgment on Plaintiff's claims for false arrest, false imprisonment, and on pendant state law claims.  Under Texas law, a police officer may interfere with a suspect's activity without a warrant to prevent or suppress crime.  TEX. CODE CRIM. P. art. 2.13.   Further, a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.  TEX. CODE CRIM. P. art. 14.01.  A warrantless arrest is valid if the arresting officer has probable cause to believe that the person arrested has committed or is in the act of committing a crime. *United States v. Morris*, 477 F.2d 657, 663 (5th Cir. 1973).  In dealing with probable cause, however, as the very name implies, courts deal with probabilities.  Probable cause exists if the facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, are sufficient to cause a reasonably cautious person to believe that an offense has been or is being committed.  *Brinegar v. United States*, 338 U.S. 160, 175-176 (1949).  Additionally, officers with a reasonable suspicion (based upon articulable facts) that criminal activity may be occurring may perform an investigative stop.  *Terry v. Ohio*, 392 U.S. 1, 88 (1968).

Here, the undisputed material facts establish that Defendants had reasonable suspicion to perform a *Terry* stop.  Plaintiff was operating a bicycle in the middle of the street without a helmet and fit the description of a reliable informant's tip about a person dealing drugs from a bicycle.  Defendants had probable cause to arrest Plaintiff because he fled and threw down baggies of a white substance which Defendants believed to be, and which later was confirmed to be, crack cocaine.  Accordingly, the District Court should grant summary judgment for Defendants on Plaintiff's claim of false arrest.  Additionally, Defendants have presented evidence that Plaintiff was convicted of possession of a controlled substance, namely cocaine.  Therefore, Plaintiff's conviction bars any

9

claim for false imprisonment. The Court does not read Plaintiff's pleadings as attempting to state any pendant state law claims. Nevertheless, Defendants are entitled to summary judgment on all claims other than Plaintiff's excessive force claims under 42 U.S.C. § 1983.

### Recommendation

Defendants are entitled to summary judgment on all of Plaintiff's claims except his § 1983 claims of excessive force. Genuine issues of material fact exist with respect to Plaintiff's claim that Defendants used excessive force while they were attempting to arrest him and after they had handcuffed him. Accordingly, the Court recommends that the District Court grant Defendants' Motion for Summary Judgment in part and deny the motion in part. Additionally, the Court recommends that the District Court permit discovery narrowly tailored to the issue of qualified immunity.

**SO RECOMMENDED** this 19th day of June, 2006.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**I**              **NSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       The United States District Clerk shall serve a true copy of these Findings, Conclusions, and Recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

11